UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THE AMERICAN AUTOMOBILE
ASSOCIATION, INC.,

      Plaintiff,

v.                                Case No. 6:16-cv-2169-Orl-37GJK

AAA GROUP ENTERPRISES INTL
LLC; ABID A. GODIL; and MEHWISH
A. GODIL,

      Defendants.

## CONSENT ORDER OF JUDGMENT AND PERMANENT INJUNCTION

Plaintiff initiated this trademark infringement action against Defendants on December 19, 2016. (Doc. 1.) After entering into a settlement agreement (Doc. 11-1 ("**Settlement Agreement**")), Plaintiff and *pro se* Defendants Abid A. Godil and Mehwish A. Godil ("**the Godils**") jointly moved for the entry of a consent order of judgment. (Doc. 14 ("**Motion for Consent Judgment**").) However, an examination of the docket revealed that Defendant AAA Group Enterprises Intl LLC ("**Defendant LLC**") had never appeared in this action; rather, the Godils had purported to settle the action and enter into a consent order of judgment on behalf of Defendant LLC. (*See* Doc. 11-1, Doc. 14.) In view of the well-established rule that corporations and business entities may not appear in federal court *pro se*, the Court found that the Godils lacked standing to consent to the entry of an order of judgment on behalf of Defendant LLC and, thus, denied the Motion for Consent Judgment without prejudice. (Doc. 15.)

-1-

Based on the foregoing, the parties now move for the entry of a revised consent order of judgment as to Plaintiff and the Godils only. (Doc. 16.)  Upon consideration, the Joint Motion for Entry of Revised Consent Order of Judgment in Response to the Court's March 17, 2017 Order (Doc. 16) is **GRANTED IN PART AND DENIED IN PART**. Importantly, the Court declines to retain jurisdiction over this matter. In all other respects, the motion is granted.

## I.   STIPULATED FACTS

1.   Plaintiff American Automobile Association, Inc. ("**AAA**") brought an action in this Court against Defendants AAA Group Enterprises Intl LLC, Abid A. Godil, and Mehwish A. Godil ("**Defendants**") alleging violations of the Federal Trademark Act ("**Lanham Act**"), 15 U.S.C. §§ 1114, 1125, and Florida law;

2.   The Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1338, and 1367;

3.   On January 27, 2017, the Court entered an Order dismissing this action with prejudice "subject to the right of any party to move the Court within sixty (60) days thereafter for the purpose of entering a stipulated form of final order or judgment; or, on good cause shown, to reopen the case for further proceedings";

4.   On March 1, 2017, the parties timely moved the Court for the entry of a stipulated form of final order or judgment;

5.   On March 17, 2017, the Court entered an Order: (a) denying the parties' first motion for the entry of a stipulated form of final order or judgment without prejudice; and (b) directing the parties, on or before April 3, 2017, to either stipulate to a consent order of judgment as to AAA and the Godils only or

-2-

otherwise notify the Court as to how they intend to proceed;

6.    AAA and the Godils timely moved for the entry of a second stipulated form of final judgment as to AAA and the Godils only;

7.    AAA and the Godils entered into a Settlement Agreement to resolve any and all existing controversies and disputes between them;

8.    AAA agrees to dismiss its claims against the Godils;

9.    AAA agrees to allow the Godils one month from the execution of the Settlement Agreement to cease all use of AAA's trademarks and, subject to the Godils' continued adherence to the Settlement Agreement, not to pursue claims for damages arising out of the Godils' prior use of such trademarks;

10.   The Godils admit that any future unauthorized use of AAA's trademarks would violate the Lanham Act and Florida state law;

11.   The Godils waive all defenses or counterclaims that they might otherwise have raised at a trial on the merits of AAA's demand for a temporary restraining order, preliminary injunction, permanent injunction, and/or damages; and

12.   The Godils consent and agree to the entry of judgment permanently enjoining them from any future unauthorized use of AAA's trademarks or any marks confusingly similar to them.

## II.    PERMANENT INJUNCTION

Upon consent of AAA and the Godils, it is **ORDERED, ADJUDGED, AND DECREED** as follows:

1.    Beginning one month from the execution of the Settlement Agreement, the

Godils, the Godils' agents, attorneys, representatives, and employees, and all persons in active concert or participation with them who receive notice of this Order are **PERMANENTLY ENJOINED** from any unauthorized use of AAA's trademarks or any marks confusingly similar to them.

2.  Pursuant to the representations made by the Godils in the Settlement Agreement, and subject to the fulfillment of all obligations set forth therein, AAA's claims against the Godils for damages, penalties, costs, and attorney fees are **DISMISSED WITH PREJUDICE**, with the exception of: (a) AAA's claim for a permanent injunction; and (2) any damages, penalties, costs, and/or attorney fees that may result from a violation of this Consent Order of Judgment.

3.  The Court **DECLINES** to retain jurisdiction to enforce either the terms of the parties' Settlement Agreement or the terms of this Order. In the event that the Godils fail to comply with such terms, AAA may file a separate action for breach of contract or contempt.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 29, 2017.



ROY B. DALTON JR.
United States District Judge

-4-

Copies to:
Counsel of Record
*Pro Se* Parties